UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

DENISE-BRADFORD: HOLMES,

    Plaintiff,

vs.

                                                        No. 19 CV 448 JAP/CG

TOWN OF SILVER CITY,
JAVIER HERNANDEZ, Silver City
Police Officer,

    Defendants.

**MEMORANDUM OPPINION AND ORDER**

Defendant Javier Hernandez asks the Court to grant summary judgment declaring that he is entitled to qualified immunity on all claims brought by Plaintiff Denise-Bradford: Holmes (Plaintiff) pro se. *See* OFFICER JAVIER HERNANDEZ'S FIRST MOTION FOR SUMMARY JUDGMENT AND FOR QUALIFIED IMMUNITY & MEMORANDUM IN SUPPORT THEREOF (Doc. No. 9) (Motion). Plaintiff Denise-Bradford: Holmes (Plaintiff) opposes the Motion, and the Motion is fully briefed. *See* FOREIGN STATE PRIVILEGE CASE # 19-448 JAP/CG JUDGE DEMANDED (Doc. No. 13) and FOREIGN STATE PRIVILEGE CASE # 19-448 JAP/CG) JUDGE DEMANDED (Doc. No. 14) (together, Response); OFFICER JAVIER HERNANDEZ'S REPLY TO PLAINTIFF'S RESPONSE [DOC NO. 13] TO FIRST MOTION FOR SUMMARY JUDGMENT AND FOR QUALIFIED IMMUNITY & MEMORANDUM IN SUPPORT THEREOF (Doc. No. 15) (Reply).

On May 15, 2019, Plaintiff sued Defendants the Town of Silver City (City) and Silver City Police Officer Javier Hernandez (Officer Hernandez) under 42 U.S.C. § 1983. *See* CIVIL COMPLAINT Title 42 Section 1983 (Doc. No. 2) (Complaint). Plaintiff generally alleges that Defendants violated her rights under the "9th Amendment/ejusden generis/14th Amendment by a non U.S. citizen, as plaintiff has the original Bill of Rights." (Compl. at p. 3.) Specifically, Plaintiff alleges that Defendants violated her constitutional rights by subjecting her to false arrest and malicious prosecution. (*Id.* at p. 5.) Plaintiff also claims Officer Hernandez violated her Fifth Amendment rights because he allegedly failed to inform Plaintiff of her *Miranda*[1] rights at the time of her arrest. (*Id.*) Finally, Plaintiff accuses Officer Hernandez of civil larceny and violations of her rights under the Ninth Amendment. (*Id.* at p. 6.) Plaintiff asks for damages totaling $250.000. (*Id.*)

I. LEGAL STANDARD

Courts should grant a moving party summary judgment only if that party "demonstrates that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law." *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002). *See* Fed. R. Civ. P. 56. "The court should accept as true all material facts asserted and properly supported in the summary judgment motion. But only if those facts entitle the moving party to judgment as a matter of law[.]" *Id.* Where, as here, a party is proceeding pro se, the court is to liberally construe her pleadings. *Holmes v. Grant County Sheriff Dep't,* 347 F.Supp.3d 815, 823 (D. N.M. 2018). "But the court [is] not [to] 'assume the role of advocate for the pro se litigant.'" *Id.* (citation omitted).

Qualified immunity protects government officials who are required to exercise their discretion by shielding them from liability for harm allegedly caused by reasonable mistakes. *Herrera v. City of Albuquerque*, 589 F.3d 1064, 1070 (10th Cir. 2009). When a defendant asserts

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

2

qualified immunity at the summary judgment stage, the burden shifts to the plaintiff to show that: (1) the defendant violated a constitutional right, and (2) the constitutional right was clearly established at the time of defendant's conduct. *Courtney v. Okla. ex rel. Dep't of Pub. Safety*, 722 F.3d 1216, 1222 (10th Cir. 2013). If a "plaintiff successfully carries his two-part burden," the "defendant bears the burden, as an ordinary movant for summary judgment, of showing no material issues of fact remain that would defeat the claim of qualified immunity." *Estate of Booker v. Gomez*, 745 F.3d 405, 411 (10th Cir. 2014) (citations omitted).

A right is clearly established if "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Courtney*, 722 F.3d at 1222. Under Supreme Court and Tenth Circuit decisions, a law is not clearly established unless existing precedent places the right in question "beyond debate." *Ashcroft v. al-Kidd*, 131 S.Ct. 2074, 2083 (2011). However, qualified immunity analysis is not a "scavenger hunt for prior cases with precisely the same facts." *Pierce v. Gilchrist*, 359 F.3d 1279, 1298 (10th Cir. 2004). To prevail against a defendant's assertion of qualified immunity, the plaintiff need not identify a case holding the exact conduct in question unlawful. The focus is whether the law at the time of the defendant's conduct provided the defendant with "fair notice" regarding the legality of his conduct. *Id.* In determining whether the plaintiff has met her burden of establishing a clearly established constitutional violation, the Court "will construe the facts in the light most favorable to the plaintiff as the nonmoving party." *Thomson v. Salt Lake Cnty.*, 584 F.3d 1304, 1312 (10th Cir. 2009) (citation omitted).

II. BACKGROUND

The following facts are undisputed.[2] On February 18, 2019, Officer Hernandez stopped Plaintiff and attempted to issue three traffic citations to her for driving without a license, without proof of insurance, and without vehicle registration. (Compl. Ex. B.) In his statement of probable cause, Officer Hernandez described the encounter with Plaintiff. "On February 18, 2019 at approximately 0759 hours I was dispatched to Ace Hardware in reference to a female who was driving without a driver's license, registration, or insurance." (Mot. Ex. B.) "Central Dispatch advised that the female was in a camouflage truck with a homemade license plate." (*Id.*) "As I turned into the Ace Hardware parking lot I observed a female driving a camouflage truck and she was exiting the west side parking lot…once it entered onto Highway 180 I activated my emergency equipment to conduct a traffic stop." (*Id.*) "The license plate on the pickup displayed 'Bradford Republic Diplomat.'" (*Id.*) Officer Hernandez "made contact with the female who identified herself as Denise Holmes." (*Id.*) Officer Hernandez advised Plaintiff the reason that he had stopped her was "because she did not have a license plate on the pickup." (*Id.*) Plaintiff "stated that she did not have a license plate because she was not a US citizen." (*Id.*) Plaintiff stated that she was "a state national." (*Id.*) Officer Hernandez asked Plaintiff for her driver's license and she informed him "she did not have one. She also stated that she should be on a list." (*Id.*) Plaintiff "started to threaten" Officer Hernandez that if she was picked up, Officer Hernandez would be fined. (*Id.*) Officer Hernandez returned to his patrol car "to confirm her

---

[2] The Court will use the undisputed facts alleged in the Complaint that are identified as properly supported by the evidence presented in the Motion. In the Response, Plaintiff does not directly dispute facts that were listed as undisputed in the Motion. Under Local Rule 56.1(b) a response to a motion for summary judgment "must contain a concise statement of the material facts cited by the movant as to which the non-movant contends a genuine issue does exist." Since Plaintiff failed to include a statement of the material facts that she disputes, the Court will deem admitted all of the material facts in the Motion for purposes of ruling on the Motion. *See* D.N.M. L.R.-Civ. 56.1(b). *Hagelin for President Comm. of Kansas v. Graves*, 25 F.3d 956, 959 (10th Cir. 1994) ("[b]ecause the state failed to submit any materials contradicting plaintiffs' statement of facts in support of their motion for summary judgment, these facts are deemed admitted").

name through Central Dispatch." (*Id.*) Plaintiff then "produced a homemade identification card." (*Id.*) While Officer Hernandez was in his patrol car, New Mexico State Police Officer Vigueria stood with Plaintiff.[3] (*Id.*)

Officer Hernandez wrote three citations for "no driver's license, no registration, and no insurance." (*Id.*) Officer Hernandez asked Plaintiff to sign the citations stating that she acknowledged receipt of the citations "and without admitting guilt agree[d] to appear" in Silver City Magistrate Court on March 18, 2019. (Compl. Ex. B.) Officer Hernandez stated that instead of signing her name,

> [Plaintiff] wrote where she was supposed to sign "UCC1-308".[4] [Plaintiff] signed under it and I told her to only sign the citation and not write anything more. On the second citation [Plaintiff] wrote in "UCC1-308" again. I took the pen away from her and told her not to do (sic) write that anymore. On the third citation [Plaintiff] started to write "UCC" and at that time I told [Plaintiff] to place her hands behind her back. [Plaintiff] would not bring her left hand behind her back and it was pulled from in front of her to the back. I placed handcuffs on [Plaintiff] behind her back (double locked). I placed [Plaintiff] in my patrol car and transported her to the Silver City Police Department for paperwork. [Plaintiff] was complaining of the handcuffs bruising her. When [Plaintiff] exited the car I did observe that her right hand had blood from where the handcuff was and a bruise. The handcuffs were not overtightened on [Plaintiff] but were loosened a little bit more due to the injury she sustained.…[Plaintiff] was transported to the Gila Regional Medical Center for a medical clearance and then to the Grant County Detention Center for booking.

---

[3] Plaintiff has not asserted claims against Officer Vigueria.
[4] UCC 1-308 is a reference to the Uniform Commercial Code section 1-308, which provides

> A party that with explicit reservation of rights performs or promises performance or assents to performance in a manner demanded or offered by the other party does not thereby prejudice the rights reserved. Such words as "without prejudice," "under protest," or the like are sufficient.

Performance or Acceptance Under Reservation of Rights., Unif. Commercial Code § 1-308. People who claim they are "sovereign citizens" assert that they are not subject to state and federal law. These persons sometimes sign their names along with the reference to UCC 1-308 on documents with the belief that they can preserve their "common law rights" and avoid submitting to legal authority. Leslie R. Masterson, *"Sovereign Citizens": Fringe in the Courtroom*, Am. Bankr. Inst. J., March 2011, at 1, 66 (2011). Apparently, Plaintiff shares some of these beliefs as evidenced by her statements that she is "not a corporation of a U.S. citizen or 14th Amendment citizen." (Resp. at 1.)
.

5

(*Id.*)

Plaintiff admits that she surrendered her driver's license to the state on March 14, 2017. (Compl. Ex. E (DRIVER LICENSE SURRENDER FORM (Mar. 14, 2017).) Plaintiff alleges she is not a United States citizen and is not a resident of the State of New Mexico. (*Id.* at p. 3.) However, in her court filings, Plaintiff indicates an address in Mimbres, New Mexico. (*Id.* at 1.) Plaintiff alleges she is a citizen of her own foreign state and is a "Diplomat of the Bradford Republic[.]" (*Id.* at p. 4.) Plaintiff alleges that Officer Hernandez should have noticed her "license plates" which read "Bradford Republic Diplomat" as authentic. (*Id.*) Plaintiff claims that she is immune from state law under the "Foreign Sovereign Immunity Act." (*Id.*) Plaintiff asserts that as a result, Officer Hernandez wrongfully arrested and prosecuted her for violations of state law. (*Id.*)

On February 19, 2019, Officer Hernandez filed a Criminal Complaint (Mot. Ex. A) charging Plaintiff with four counts: (1) intentionally resisting or abusing a peace officer in the lawful performance of his duties in violation of NMSA 1978 § 30-22-1 (misdemeanor); (2) driving without a valid driver's license in violation of NMSA 1978 § 66-5-16 (misdemeanor traffic offense); (3) failing to produce proof of vehicle insurance in violation of NMSA 1978 § 66-5-229C (misdemeanor traffic offense); and (4) failing to produce evidence of current registration of her vehicle in violation of NMSA 1978 § 30-3-13 (misdemeanor). (Mot. Ex. A.)

On March 13, 2019, Special Prosecutor James H. Reynolds filed a notice of Nolle Prosequi dismissing the charges without prejudice and stating that "it would not be in the best interests of justice to pursue this matter: to wit, Defendant has been declared not competent to stand trial three times in 2018." (Mot. Ex. C.) *See generally, State of New Mexico v. Holmes*, No. M-19-MR-201900114 (Magistrate Court, Silver City, New Mexico).

III.     DISCUSSION

This is not Plaintiff's first civil case involving a traffic stop and arrest. In *Holmes v. Grant County Sheriff Dep't.*, 347 F.Supp.3d 815 (D. N.M. 2018), Plaintiff claimed that a Grant County Sheriff Deputy "violated New Mexico criminal statutes and her 'Natural Rights' and 'Common Law Rights' when they cited and arrested Holmes and towed her automobile, allegedly in response to discovering Holmes driving her vehicle without a driver's license, automobile registration, or car insurance." *Id.* at 819.[5] Plaintiff alleged that she was a resident of a foreign state, because her "property and land are on a foreign domicile, within New Mexico, but outside New Mexico and the Federal Zone." *Id.* Plaintiff also alleged that as a diplomat of the Bradford Republic, she "was immune from the enforcement of New Mexico laws pursuant to the Foreign States Immunities Act, 28 U.S.C. §§ 1330, 1332, 1391(f), 1441(d), 1602-11 ('FSIA'), and that New Mexico state agents are prohibited from entering her property." *Id.* The Honorable James O. Browning granted the defendants' motion to dismiss because "none of the statutes on which Holmes expressly or impliedly relies for her claims affords a private right of action." *Id.* at 819–20. As Judge Browning noted, Plaintiff emphatically stated that she was not pursuing claims under 42 U.S.C. § 1983. However, Judge Browning addressed a possible § 1983 claim in a discussion concerning Plaintiff's request to amend her complaint:

> For example, if Holmes were to amend her Complaint to assert § 1983 claims stemming from the same facts already alleged, the individual Defendants would be entitled to qualified immunity because of Holmes' failure to point to any case law clearly establishing that it violates the Constitution of the United States of America or any federal statute to detain a person driving an unregistered vehicle without a driver's license.

---

[5] Plaintiff has recently filed another federal lawsuit against Grant County. *See Holmes v. Grant County*, Case No. 19 CV 698 GBW.

*Id.* at 826 (citing *Perez v. Cambell*, 402 U.S. 637, 652–54 ((1971) (stating "[t]he use of public highways by motor vehicles, with its consequent dangers, renders the reasonableness and necessity of regulation apparent. The universal practice is to register ownership of automobiles and to license their drivers.")). The Tenth Circuit recently affirmed Judge Browning's decision. *Holmes v. Grant County Sheriff's Dep't*, 772 F. App'x 679, 680 (10th Cir. May 21, 2019) (unpublished).

        A.      Plaintiff's § 1983 Claim Under the Fifth Amendment

Plaintiff claims Officer Hernandez violated Plaintiff's Fifth Amendment Rights by failing to inform Plaintiff of her *Miranda* rights during her arrest. The law in this circuit is clear, however, that the only remedy available for a *Miranda* violation is the suppression of any incriminating statements. *Lewis v. Nelson*, 113 F.3d 1246 (10th Cir. 1997) (citing *Bennet v. Passic,* 545 F.2d 1260, 1263 (10th Cir.1976)). As explained in *Bennet*,

> The Constitution and laws of the United States do not guarantee Bennett the right to *Miranda* warnings. They only guarantee him the right to be free from self-incrimination. The *Miranda* decision does not even suggest that police officers who fail to advise an arrested person of his rights are subject to civil liability; it requires, at most, only that any confession made in the absence of such advise be excluded from evidence. No rational argument can be made in support of the notion that the failure to give *Miranda* warnings subjects a police officer to liability under the Civil Rights Act.

*Bennet*, 545 F.2d at 1263. Therefore, the Court will dismiss this claim because, as a matter of law, failure to give *Miranda* warnings does not support a cause of action under § 1983.

B. Plaintiff's Claim for Unlawful Arrest

Plaintiff asserts that Officer Hernandez violated her civil rights when he falsely arrested her in violation of the Fourth Amendment.[6] As stated in *McGarry v. Bd. of Cty. Commissioners for Cty. of Lincoln*, 294 F. Supp. 3d 1170 (D. N.M. 2018),

> To maintain a false arrest or false imprisonment claim under § 1983, [the plaintiff] must demonstrate the elements of a common law claim and show that [his] fourth Amendment right to be free from unreasonable search and seizure has been violated. Although constitutional torts are not based on any specific state's tort law, courts generally use the common law of torts as a starting point for determining the contours of constitutional violations under § 1983.…Under New Mexico law, false imprisonment is intentionally confining or restraining another person without his consent and with knowledge that he has no lawful authority to do so. False arrest occurs when the facts available to a detaining officer would not warrant a person of reasonable caution to believe detention appropriate.

*Id.* at 1195 (citations and quotations omitted).

To defeat Officer Hernandez's claim of qualified immunity from her claim of false arrest, Plaintiff must establish that under the same circumstances an objectively reasonable officer would not believe he had probable cause to arrest her. *Cortez v. McCauley*, 478 F.3d 1108, 1116 (10th Cir. 2007). Probable cause exists when the facts and circumstances within the officer's knowledge are sufficient to warrant a prudent law enforcement officer to believe that the suspect committed or was committing an offense. *Beck v. Ohio*, 379 U.S. 89, 91 (1964). The probable cause inquiry is not restricted to a particular offense, but rather requires merely that the officer had reason to believe that a crime—any crime—occurred. *United States v. Turner*, 553 F.3d 1337, 1345 (10th Cir. 2009). In this case, therefore, the Court must analyze whether under these facts, a reasonable officer would believe he had probable cause to arrest Plaintiff for a crime. *Jackson v. New Mexico Public Defender's Office*, 361 F. App'x 958, **5 (10th Cir. 2010)

---

[6] Although Plaintiff does not specifically mention the Fourth Amendment, it is the appropriate source for a claim under § 1983 for false arrest. *Jackson, infra.*

9

(unpublished) (noting that the starting point for analyzing a § 1983 claim for false arrest and malicious prosecution is whether there was probable cause to arrest).

Several years ago, the United States Supreme Court held that a law enforcement officer does not violate a person's rights under the Fourth Amendment when the officer arrests that person for a minor traffic offense. In *Atwater v. City of Lago Vista*, the Supreme Court held that the Fourth Amendment was not violated when a police officer arrested a female motorist for failing to wear a safety belt and for failing to secure her children with safety belts, both misdemeanor traffic offenses under Texas law. 532 U.S. 318, 325 (2001). The Supreme Court held that when an officer of the law "has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender." *Id.* at 354. In *Castillo v. City of Hobbs*, CV 00-1417 JP/LCE, 2001 WL 37124672, at *2 (D. N.M. Dec. 28, 2001) (unpublished), a driver arrested for a traffic violation brought a claim under § 1983 for unlawful arrest. The driver argued that NMSA 1978 § 66-8-123[7] required officers to issue citations and prohibited the arrest of a driver for a traffic offense. *Id.* The court noted that Section 66-8-123 "is not exclusive of any other method prescribed by law for the arrest and prosecution of a person violating these laws." *Id.* at *3 (quoting NMSA 1978, § 66-8-127). The court noted that even though New Mexico law allowed the issuance of a citation for traffic offenses, the officer did not unlawfully arrest the driver. *Id.* In sum, the court found "no support for the argument that [the officer] violated Plaintiff's Fourth Amendment rights when he ordered her out of her car and placed her in handcuffs[.]" *Id.*

---

[7] The provision states, "whenever a person is arrested for any violation of the Motor Vehicle Code or other law relating to motor vehicles punishable as a misdemeanor, the arresting officer, using the uniform traffic citation in paper or electronic form, shall complete the information section and prepare a notice to appear in court, specifying the time and place to appear, have the arrested person sign the agreement to appear as specified, give a copy of the citation to the arrested person and release the person from custody." NMSA 1978 § 66-8-123.

In this case, therefore, although Officer Hernandez arrested Plaintiff for resisting an officer under NMSA 1978 § 30-22-1(D), he had arguable probable cause to arrest her for driving her vehicle without a driver's license, registration, and proof of insurance. However, Officer Hernandez chose to issue citations to Plaintiff. Under New Mexico law,

> A. A law enforcement officer who arrests a person without a warrant for a petty misdemeanor … may offer the person arrested the option of accepting a citation to appear in lieu of taking the person to jail.
> …
> C. The person's signature on the citation constitutes a promise to appear at the time and place stated in the citation. One copy of the citation to appear shall be delivered to the person cited, and the law enforcement officer shall keep a duplicate copy for filing with the court as soon as practicable.
> …
> E. A citation issued pursuant to this section is a valid complaint if the person receives and signs the citation in paper or electronic form.

NMSA 1978 § 31-1-6 (A), (C), (E). "New Mexico requires officers to have the motorist sign the citation(s) before being released from a traffic stop." *Wilson v. Village of Los Lunas*, 572 F. App'x 635, 641 (10th Cir. July 22, 2014) (unpublished) (citing NMSA 1978 § 66-8-123). Officer Hernandez contends that Plaintiff refused to properly sign the citations; therefore, he had probable cause to arrest Plaintiff for resisting, evading or obstructing an officer in the lawful discharge of his duties in violation of NMSA 1978 § 30-22-1(D).[8]

The Court concludes that when Officer Hernandez observed Plaintiff's vehicle did not have a valid license plate, and when Officer Hernandez discovered that Plaintiff had no vehicle registration, no valid driver's license, and no proof of insurance, he was entitled to either arrest

---

[8] "Resisting, evading or obstructing an officer consists of: … D. resisting or abusing any judge, magistrate or peace officer in the lawful discharge of his duties. Whoever commits resisting, evading or obstructing an officer is guilty of a misdemeanor." NMSA 1978 § 30-22-1(D).

11

or issue citations for those traffic offenses. *See* NMSA 1978 §§ 66-5-16[9], 66-5-229C[10], and 66-3-13[11]. Plaintiff refused to follow Officer Hernandez's lawful instructions to sign her name to the citations without writing in "UCC 1-308." Hence, in addition to the traffic offenses, Officer Hernandez or any other reasonable law enforcement officer would also have believed probable cause existed to arrest Plaintiff for resisting a peace officer in the lawful discharge of his duties.

Plaintiff contends that she was unlawfully arrested because she is not subject to New Mexico's criminal laws as a foreign resident. Plaintiff argues that she does not reside in New Mexico; therefore, she is not required to register her vehicle as long as it is validly registered in Plaintiff's sovereign state. (Resp. at 2.) Plaintiff points to NMSA 1978 § 66-3-1, which provides

> A. With the exception of vehicles identified in Subsection B of this section, every motor vehicle, manufactured home, trailer, semitrailer and pole trailer when driven or moved upon a highway and every off-highway motor vehicle is subject to the registration and certificate of title provisions of the Motor Vehicle Code **except:**
> **(1) any such vehicle driven or moved upon a highway in conformance with the provisions of the Motor Vehicle Code relating to manufacturers, dealers, lien-holders or nonresidents**[.]

NMSA 1978 § 66-3-1 (emphasis added). Plaintiff claims that because she is a "nonresident" of New Mexico, her vehicle falls under this exception and does not need to be registered. Plaintiff further points to the financial responsibility provision of the New Mexico statutes:

> B. "financial responsibility" means the ability to respond in damages for liability resulting from traffic accidents arising out of the ownership, maintenance or use of a motor vehicle of a type **subject to registration** under the laws of New

---

[9] "Every licensee shall have the licensee's driver's license in the licensee's immediate possession at all times when operating a motor vehicle and shall display the license upon demand of a magistrate, a peace officer or a field deputy or inspector of the division. A person who violates the provisions of this section is guilty of a penalty assessment misdemeanor[.]" NMSA 1978 § 66-5-16.

[10] "An owner or operator of a vehicle subject to the Mandatory Financial Responsibility Act shall carry evidence of financial responsibility as defined by that act in the vehicle at all times while the vehicle is in operation on the highways of this state." NMSA 1978 § 66-5-229C.

[11] "Every owner, upon receipt of registration evidence, shall write that owner's signature thereon in a space provided. Every such registration evidence or duplicate of registration evidence validated by the division shall be exhibited upon demand of any police officer." NMSA 1978 § 66-3-13.

Mexico, in amounts not less than specified in the Mandatory Financial
Responsibility Act or having in effect a motor vehicle insurance policy.
"Financial responsibility" includes a motor vehicle insurance policy, a surety
bond or evidence of a sufficient cash deposit with the state treasurer[.]

NMSA 1978 § 66-1-4.6 (emphasis added). Plaintiff asserts that since her vehicle is not subject to the registration laws of New Mexico, she, as a non-resident, is also not subject to the financial responsibility provision and need not provide proof of financial responsibility. Lastly, Plaintiff argues that as a nonresident of New Mexico, she is not subject to the licensure provisions, which state:

> C. any nonresident who is at least eighteen years of age whose home state or country does not require the licensing of drivers may drive a motor vehicle for a period of not more than one hundred eighty days in any calendar year if the motor vehicle is duly registered in the home state or country of the resident.

NMSA 1978 § 66-5-4. Apparently, Plaintiff claims that her alleged home country does not require a driver's license; therefore, she can legally drive in New Mexico under this provision. However, Plaintiff has failed to support her contention with evidence regarding the existence of such a foreign state and the validity of her license, registration and license plate. Plaintiff further states she has "never paid a fine for no driver's license, no insurance or no registration in three years. Plaintiff does not drive; plaintiff travels. 'Drive' is a commercial term, as is passenger. Plaintiff does not reside in this state." (*Id.* at 2.) Plaintiff claims she is immune from arrest and prosecution under state law under the Foreign Sovereign Immunity Act; therefore, she was falsely arrested.

First, the Court notes that when Officer Hernandez stopped Plaintiff's vehicle he did not need to accept Plaintiff's claim that she is entitled to immunity because she had diplomatic

license plates. [12] It is enough that Officer Hernandez reasonably believed that Plaintiff violated state law when he observed the license plate on her vehicle. In his investigation, when Officer Hernandez discovered Plaintiff did not have proof of registration and insurance, and had no driver's license, he had probable cause to believe Plaintiff was committing the traffic offenses. Officer Hernandez did not have to determine whether she was actually a sovereign citizen and not subject to state law.

And, Plaintiff later resisted a lawful order to sign her name to the citations and instead insisted on writing "UCC 1-308" on the signature line. Resisting under § 30-22-1 can include failing to comply with an officer's lawful commands. *State v. Jimenez*, 2017-NMCA-039, ¶¶ 38–40, 392 P.3d 668, 682. *See also City of Roswell v. Smith*, 2006-NMCA-040, ¶ 5, 133 P.2d 271, 139 N.M. 381 (affirming defendant's conviction under Roswell's "obstructing an officer" ordinance based on defendant's refusal to leave a fast-food restaurant parking lot after being ordered to do so by an officer). Under New Mexico law, resisting includes more than physical resistance. *McGarry v. Bd. of Cnty. Comm'rs for Cnty. Of Lincoln*, 294 F. Supp. 3d at 1203-04 & n. 19. Therefore, the Court also concludes that Officer Hernandez is entitled to qualified immunity because he reasonably believed he had probable cause to arrest Plaintiff for refusing to comply with his lawful command to sign the citations without the notation "UCC 1-308."

---

[12] Likewise, the Court need not determine whether Plaintiff is actually a foreign diplomat in order to grant Officer Hernandez qualified immunity from Plaintiff's § 1983 claims. It is sufficient that Officer Hernandez reasonably believed that the Bradford Republic did not exist at the time of the arrest and that Plaintiff's protestations to the contrary were fanciful. Moreover, Plaintiff's documentary evidence is insufficient to raise a material issue of disputed fact that she is a sovereign citizen or diplomat of the so-called Bradford Republic. Her proof that she is a sovereign citizen is not necessary to find that Officer Hernandez had probable cause to arrest her. The Court notes that the Tenth Circuit has labelled similar claims as "delusional." *See Punchard v. U. S. Bureau of Land Mgmt.*, 180 F. App'x 817, n.1 (10th Cir. May 18, 2006) (unpublished) (stating that plaintiff "styled himself as a representative of his 'co-appellant' the Royal Democratic States of Continental Africa Government" and stating "we disregard any reference or argument Punchard makes that depends on that entity's alleged existence.").

C. Plaintiff's Claim of Malicious Prosecution

Plaintiff asserts that Officer Hernandez violated her rights under § 1983 by maliciously prosecuting her for the traffic offenses and the resisting offense. To prove malicious prosecution a plaintiff must show:

> (1) the defendant caused the plaintiff's continued confinement or prosecution; (2) the original action terminated in favor of the plaintiff; (3) no probable cause supported the original arrest, continued confinement, or prosecution; (4) the defendant acted with malice; and (5) the plaintiff sustained damages.

*McGarry*, 294 F. Supp. 3d at 1202 (quoting *Stonecipher v. Valles*, 759 F.3d 1134, 1146 (10th Cir. 2014)). The Court has already determined that Officer Hernandez is immune from Plaintiff's false arrest claim because he reasonably believed probable cause existed for arrest. This same finding undermines Plaintiff's claim for malicious prosecution because, as a matter of law, Plaintiff has not shown that there was no probable cause for her arrest, which is a required element of a malicious prosecution claim.

In addition, Plaintiff has failed to meet the second element of a malicious prosecution claim. Her criminal case was dismissed by the filing of a notice of Nolle Prosequi dismissing the charges without prejudice. To carry her burden on the second element, Plaintiff must establish that the proceedings against her terminated "for reasons indicative of innocence." *M.G. v. Young*, 826 F.3d 1259, 1262 (10th Cir. 2016). In determining whether an action terminates in the plaintiff's favor, the Court must consider "whether there is an acquittal, or a failure to proceed, which indicates a lack of reasonable grounds for prosecution." *Montoya v. Sheldon*, No. 10 CV 360 JB/WDS, 2012 WL 5378288, at *7 (D. N.M. Oct. 29, 2012) (unpublished). "The plaintiff has the burden of proving a favorable termination." *Wilkins v. DeReyes*, 528 F.3d 790, 803 (10th Cir. 2008) (citation omitted). To that end, a "bare nolle prosse without more is not indicative of innocence." *Id.* Here, the Nolle Prosequi notice stated that "it would not be in the best interests

of justice to pursue this matter: to wit, Defendant has been declared not competent to stand trial three times in 2018." (Mot. Ex. C.) This statement does not support a finding that it was entered under circumstances indicative of innocence, and dismissal without prejudice left open the possibility of re-filing the charges. Therefore, the Court will grant Officer Hernandez qualified immunity from the claim of malicious prosecution because Plaintiff has failed to show Officer Hernandez lacked probable cause to charge her with the traffic and resisting offenses and because the criminal action did not terminate in her favor.

                D.        Plaintiff Claim for Civil Larceny

Plaintiff claims that Officer Hernandez committed civil larceny. However, the term "civil larceny" is used only once in her Complaint and there are no facts supporting the claim. Plaintiff attached a receipt from a towing company to her Complaint but fails to allege that the towing of her vehicle constituted "civil larceny." The Court will dismiss this claim for failure to plead with sufficient particularity under Rule 8.[13] In addition, to the extent Plaintiff attempts to sue under New Mexico law for civil larceny, the claim is not one of the torts listed in the New Mexico Tort Claims Act (NMTCA) NMSA 41-4-12; therefore, Officer Hernandez cannot be held liable as a law enforcement officer for this tort. And, Plaintiff's failure to address Officer Hernandez's arguments for dismissal of this claim in her Response also supports dismissing the claim.

---

[13] Rule 8 provides:
(a) A pleading that states a claim for relief must contain:
(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.
Fed. R. Civ. P. 8.
    "While a plaintiff is not required to precisely state each element of the claim, Rule 8(a) nevertheless requires minimal factual allegations on those material elements that must be proved to recover. *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir.1991) ("conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based.").
    .

### E. Plaintiff's Claim Under the Ninth Amendment

In her Response, Plaintiff states that "[t]his case was filed under the 9th Amendment of 1791 long before "person" meant a corporation in 1890 at Title 15 at section 7. Plaintiff is not a corporation or a U.S. citizen or 14th Amendment citizen." (Resp. at 1.) The Ninth Amendment provides that "[t]he enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." U.S. Const. amend. IX. "The Ninth Amendment is not the source of rights on which a person may sue under § 1983." *Moore Broadway Kids v. Oklahoma Comm'n for Human Servs.*, CIV-08-426-R, 2009 WL 10687929, at *5 (W.D. Okla. Mar. 31, 2009). Thus, this claim is not cognizable under § 1983 and will be dismissed.

### F. Plaintiff's Claim of Immunity Under FSIA

In her Complaint and Response, Plaintiff contends that, as a citizen of a foreign state, she is immune under the FSIA from enforcement of the traffic and criminal laws of New Mexico. In her Complaint, Plaintiff asserts "[i]t is malicious prosecution for Police Officers to not pay attention to license plates. Plaintiff's plates read 'Bradford Republic Diplomat' all tickets attached as EXHIBIT B (wrong address as well). Because I am a Diplomat of the Bradford Republic and under the Foreign Sovereign Immunity Act making plaintiff immune to suit under the State." The relevant provision of the FSIA provides, "a foreign state shall be immune from the jurisdiction of the courts of the United States and of the States[.]" 28 U.S.C.A. § 1604. Officer Hernandez argues that Plaintiff's claim to be immune from prosecution is incorrect as a matter of law because a party asserting FSIA immunity "must first establish a prima facie case that it is a sovereign state." (Reply at 3, citing *Orient Mineral Co. v. Bank of China*, 506 F.3d

980, 981 (10th Cir. 2007) ("The defendant must first establish a prima facie case that it is a sovereign state, creating a rebuttable presumption of immunity."). Plaintiff submitted as Exhibit A to her Complaint a document entitled PUBLIC NOTICE, DECLARATIONS, AND HONORABLE CLARIFICATIONS (Compl. Ex. A.) (Declaration). Plaintiff apparently submitted the Declaration to show that in 2016 Plaintiff established the Bradford Republic. Plaintiff seems to argue that her Exhibit A, consisting of the certificate from the notary public attached to her Declarations, makes her document an official declaration of sovereign status. This document is not evidence that Plaintiff is entitled to immunity from prosecution under FSIA as a citizen or diplomat of a foreign country named Bradford Republic. Moreover, despite Plaintiff's protestations, Officer Hernandez is entitled to qualified immunity if under the circumstances he encountered on February 18, 2019 a reasonable law enforcement officer would have probable cause to cite Plaintiff for violations of the traffic laws and for violation of the New Mexico statute prohibiting resisting an officer. This Court has found that any reasonable officer, faced with the same circumstances, would believe probable cause existed to either arrest or cite Plaintiff for the traffic offenses despite Plaintiff's contention of foreign citizenship. Once Plaintiff refused to properly sign the citations, any reasonably officer would believe probable cause existed to arrest Plaintiff for resisting a lawful order to sign the citations. Moreover, to the extent Plaintiff attempts to assert a claim that Officer Hernandez violated the FSIA, Judge Browning has already correctly determined that "FSIA only confers immunity….it does not provide any private right of action." *Holmes*, 347 F.Supp.3d at 825. This claim fails as a matter of law.

G. Plaintiff Claim of Vicarious Liability

In her Response, Plaintiff states that "Officer Hernandez violated the Constitution in his own individual capacity and is liable, as well as his employer [the Town of Silver City] for damages." (Resp. at 5.) Any claim against the City that is based solely on the actions of one of its employees is not cognizable under § 1983. *See Dodds v. Richardson*, 614 F.3d 1185, 1195 (10th Cir. 2010) (stating that individual liability under § 1983 must be based on involvement in the alleged constitutional violation). This claim will be dismissed.

H. Plaintiff's Purported Claim of Excessive Force

In her Response, Plaintiff seems to insinuate that Officer Hernandez violated her civil rights by using excessive force. However, nowhere in her Complaint has Plaintiff alleged that excessive force was used during the traffic stop and arrest. Any claim of excessive force fails as a matter of law.[14]

IT IS ORDERED that OFFICER JAVIER HERNANDEZ'S FIRST MOTION FOR SUMMARY JUDGMENT AND FOR QUALIFIED IMMUNITY & MEMORANDUM IN SUPPORT THEREOF (Doc. No. 9) is granted and a separate summary judgment in his favor will be entered.

_____
SENIOR UNITED STATES DISTRICT JUDGE

---

[14] Plaintiff cites *Sebastian v. Ortiz*, 918 F.3d 1301 (11th Cir. 2019) in which the court affirmed the denial of an officer's motion to dismiss a complaint that alleged tight handcuffs lead to injury. The Eleventh Circuit Court of Appeals ruled this could support a claim for excessive force. Although this case supports the general contention related to excessive force, Plaintiff has failed to assert such a claim in her Complaint.