UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

**DENISE-BRADFORD: HOLMES,**

  Plaintiff,

vs.

                                No. 19 CV 448 JAP/CG

**TOWN OF SILVER CITY,
JAVIER HERNANDEZ, Silver City
Police Officer,**

  Defendants.

## MEMORANDUM OPINION AND ORDER
## DISMISSING ALL CLAIMS AGAINST TOWN OF SILVER CITY

On August 13, 2019, Defendant Town of Silver City (the City) asked the Court to dismiss all claims brought by Plaintiff Denise-Bradford: Holmes (Plaintiff). *See* DEFENDANT TOWN OF SILVER CITY'S FIRST MOTION TO DISMISS AND MEMORANDUM IN SUPPORT THEREOF (Doc. No. 12) (Motion). Plaintiff filed a Response (Doc. No. 14), and the Motion is fully briefed. *See* TOWN OF SILVER CITY'S REPLY TO PLAINTIFF'S RESPONSE [DOC. NO. 14] TO FIRST MOTION TO DISMISS AND MEMORANDUM IN SUPPORT THEREOF (Doc. No. 17). Because Plaintiff failed to establish that the City's employee, Silver City Police Officer Javier Hernandez (Officer Hernandez), violated her constitutional rights, the Court will grant the Motion and will dismiss all claims against the City.

On May 15, 2019, Plaintiff pro se filed this case against Defendants the City and Officer Hernandez. *See* CIVIL COMPLAINT Title 42 Section 1983 (Doc. No. 2) (Complaint). Plaintiff states that her claims under §1983 are for violations of the "9th Amendment/ejusden generis/14th

Amendment by a non U.S. citizen, as plaintiff has the original Bill of Rights." (Compl. at p. 3.) Specifically, Plaintiff alleges that Defendants violated her constitutional rights by falsely arresting and maliciously prosecuting her. (*Id.* at p. 5.) Plaintiff claims her rights under the Fifth Amendment were violated because at the time of her arrest she was not informed of her *Miranda* rights.[1] (*Id.*) Plaintiff accuses Defendants of tampering with public records and civil larceny. (*Id.* at p. 6.) Plaintiff asks for damages totaling $250.000. (*Id.*)

I. LEGAL STANDARD

Rule 12(b)(6) requires dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). If a party fails to state a claim as a matter of law, the court must dismiss the claim. When considering a motion to dismiss, the court must "accept all of the well-pleaded allegations in the complaint as true." *Davenport v. Williams*, 2:17-CV-15-CW, 2017 WL 5633109, at *3 (D. Utah Nov. 21, 2017) (unpublished) (citing *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 510 (10th Cir. 1998)). When analyzing pleadings filed by pro se parties, the court "must liberally construe the pleadings and draw all reasonable inferences in favor of the plaintiff," but it is not obligated to "accept conclusory allegations." *Holmes v. Grant County Sheriff Dep't,* 347 F.Supp.3d 815, 823 (D. N.M. 2018). "But the court [is] not [to] 'assume the role of advocate for the pro se litigant.'" *Id.* (citation omitted).

II. BACKGROUND

In the Court's MEMORANDUM OPINION AND ORDER (Doc. No. 19) granting Officer Hernandez's Motion for Summary Judgment, the Court outlined background facts in detail, and those facts also pertain to this ruling.

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

III.    DISCUSSION

The Supreme Court has held that "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell v. Dep't of Social Svcs.*, 436 U.S. 658, 694 (1978). Thus, "a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Id.* at 691. Instead, "a government as an entity" may only be liable "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts injury." *Id.* at 694. To impose liability on Defendant City, Plaintiff must identify a policy or custom that caused Plaintiff's alleged constitutional injury. *Id.*

More importantly, however, absent a showing of constitutional injury, a municipality cannot be liable for damages, regardless of the existence of a policy or custom. *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986). In other words, if there is no underlying constitutional violation, the City may not be held liable. *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993) ("A municipality may not be held liable where there was no underlying constitutional violation by any of its officers.") (quoting *Heller supra*) . Where individual officers are granted qualified immunity on the ground that there was no constitutional violation, the court "may properly rely on this finding to dismiss" claims against the municipality. *Hinton*, 997 F.Supp.2d at 783.

In this case, the Court has ruled that Silver City Police Officer Javier Hernandez was entitled to qualified immunity on all the claims asserted by Plaintiff under §1983 because Officer Hernandez, as a matter of law, did not violate Plaintiff's constitutional or statutory rights. Therefore, all claims under §1983 against the City will be dismissed with prejudice. For the same reasons stated in the MEMORANDUM OPINION AND ORDER granting Officer Hernandez's Motion for Summary Judgment, the Court will also dismiss the claim for civil larceny against the City.

In her Response, Plaintiff attempts to add a claim against the City under § 1983 for failure to train Officer Hernandez. (*See* Doc. No. 14 at pp. 3-6.) However, Plaintiff's Complaint contains no factual allegations regarding the City's lack of training. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Without such allegations, Plaintiff may not assert such a claim, and the claim will be dismissed.

In the Complaint, Plaintiff specifically alleges that the City is liable "for Tampering with Public Records" in violation of NMSA 1978 § 30-26-1, which provides,

> Tampering with public records consists of:
> A. knowingly altering any public record without lawful authority;
> B. any public officer or public employee knowingly filing or recording any written instrument, judicial order, judgment or decree in a form other than as the original thereof in fact appeared;
> C. any public officer or public employee knowingly falsifying or falsely making any record or file, authorized or required by law to be kept;
> D. any public officer or public employee knowingly issuing or causing to be issued, any false or untrue certified copy of a public record; or
> E. knowingly destroying, concealing, mutilating or removing without lawful authority any public record or public document belonging to or received or kept by any public authority for information, record or pursuant to law.
> Whoever commits tampering with public records is guilty of a fourth degree felony.

NMSA 1978 § 30-26-1. Unless a criminal statute provides a private right of action, an individual has no authority to enforce it as a prosecutor. *Holmes v. Grant Cnty. Sheriff Dep't.*, 347 F.Supp.3d 815, 823 (D. N.M. 2018), *aff'd* 772 F. App'x 679, 680 (10th Cir. May 21, 2019) (unpublished) (holding that Plaintiff could not bring suit against Grant County for violations of New Mexico criminal statutes). Since section 30-26-1 does not allow an individual to bring an action for its enforcement, the statute cannot serve as the basis for a claim against the City. *Cf. Higgins v. Neal*, 52 F.3d 337, 1995 WL 216920, at *2 (10th Cir. Apr. 12, 1995) (unpublished) (stating that "allowing a private citizen to initiate prosecutions would undermine prosecutorial

discretion and the authority of federal prosecutors, we conclude [the party] lacks standing to maintain this criminal action."). Thus, this claim will also be dismissed.

IT IS ORDERED that DEFENDANT TOWN OF SILVER CITY'S FIRST MOTION TO DISMISS AND MEMORANDUM IN SUPPORT THEREOF (Doc. No. 12) is granted and all of Plaintiff's claims against the Town of Silver City are dismissed with prejudice.

_____
SENIOR UNITED STATES DISTRICT JUDGE