# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**DENISE-BRADFORD: HOLMES,**

    Plaintiff**,**

vs.

    Case No. 19-CV-448 JAP/CG

**TOWN OF SILVER CITY,
JAVIER HERNANDEZ, Silver City
Police Officer,**

    Defendants**.**

## MEMORANDUM OPINION AND ORDER

On September 17, 2019, this Court granted Defendant Town of Silver City's MOTION TO DISMISS AND MEMORANDUM IN SUPPORT THEREOF (Doc. No. 12) and Defendant Hernandez' MOTION FOR SUMMARY JUDGMENT AND FOR QUALIFIED IMMUNITY & MEMORANDUM IN SUPPORT THEREOF (Doc. No. 9), dismissing this case with prejudice. On September 25, 2019, Plaintiff Denise-Bradford: Holmes filed a MOTION PURSUANT TO F.R.C.P. RULE 12(b)(1) (Doc. No. 23) ("Motion"). The Court construes Defendant's Motion as a motion for reconsideration. Because this Motion was filed within 28 days of the entry of summary judgment, the Court will treat it as a motion to alter or amend a judgment under Fed. R. Civ. P. 59(e). *See Barber ex rel. Barber v. Colorado Dept. of Revenue*, 562 F.3d 1222, 1228 (10th Cir. 2009)

I. LEGAL STANDARD

This Court may grant a motion to reconsider when it has misapprehended the facts, a party's position, or the law. *United States v. Huff*, 782 F.3d 1221, 1224 (10th Cir. 2015) Specific situations where circumstances may warrant reconsideration include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. *Servants of The Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000). However, a motion to reconsider "is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Huff*, 782 F.3d at 1224. The Tenth Circuit has emphasized that a motion to reconsider "should not be used to revisit issues already addressed or advance arguments that could have been raised earlier." *United States v. Christy,* 739 F.3d 534, 539 (10th Cir. 2014).

II. BACKGROUND

In the Court's MEMORANDUM OPINION AND ORDER (Doc. No. 19) granting Officer Hernandez's Motion for Summary Judgment, the Court outlined background facts in detail, and those facts also pertain to this ruling.

III. DISCUSSION

Plaintiff fails to bring this Court's attention to any new grounds warranting reconsideration of its previous decisions. In Plaintiff's Motion, Plaintiff does not demonstrate any new change in the law with respect to 42 U.S.C. § 1983 claims or qualified immunity. Nor does Plaintiff offer any new evidence that could change the outcome of this case. Plaintiff does not give any meritorious explanation as to why the order was incorrect or will result in manifest injustice. Plaintiff instead continues to advance frivolous arguments grounded in a misunderstanding of the Foreign Sovereign Immunities Act, 28 U.S.C. § 1602 *et seq. See* MEMORANDUM OPINION AND ORDER (Doc. No.

19, p. 14 n. 12). The arguments Plaintiff raises to challenge this Court's jurisdiction have already been addressed, and this Court sees no reason to disturb its previous rulings.

IT IS THEREFORE ORDERED that Plaintiff's MOTION PURSUANT TO F.R.C.P. RULE 12(b)(1) (Doc. No. 23) is DENIED.

_____
SENIOR UNITED STATES DISTRICT JUDGE