# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**DENISE-BRADFORD: HOLMES,**

    Plaintiff**,**

vs.

    Case No. 19-CV-448 JAP/CG

**TOWN OF SILVER CITY,
JAVIER HERNANDEZ, Silver City
Police Officer,**

    Defendants**.**

## MEMORANDUM OPINION AND ORDER

On September 17, 2019, this Court granted Defendant Town of Silver City's MOTION TO DISMISS AND MEMORANDUM IN SUPPORT THEREOF (Doc. No. 12) and Defendant Hernandez' MOTION FOR SUMMARY JUDGMENT AND FOR QUALIFIED IMMUNITY & MEMORANDUM IN SUPPORT THEREOF (Doc. No. 9), dismissing this case with prejudice. On September 25, 2019, Plaintiff Denise-Bradford: Holmes filed a MOTION PURSUANT TO F.R.C.P. RULE 12(b)(1) (Doc. No. 23) ("Motion"). The Court construed Defendant's Motion as a motion for reconsideration. Because this Motion was filed within 28 days of the entry of summary judgment, the Court treated it as a motion to alter or amend a judgment under Fed. R. Civ. P. 59(e). *See Barber ex rel. Barber v. Colorado Dept. of Revenue*, 562 F.3d 1222, 1228 (10th Cir. 2009).

On October 1, 2019, Plaintiff filed an untitled MOTION ("Second Rule 59 Motion") that, as best the Court can construe, seeks relief under Fed. R. Civ. P. 59.[1] The Court denied Plaintiff's previous motion to alter or amend a judgment. *See* Memorandum Opinion and Order (Doc. No. 24). Plaintiff uses their Second Rule 59 Motion as a vehicle to rehash unavailing arguments on the merits. Like the last motion, Plaintiff fails to identify any new change in the relevant law, new evidence previously unavailable, or potential for manifest injustice as a result of the Court's rulings. *See Servants of The Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000). Accordingly, the Court will deny Plaintiff's Second Rule 59 Motion.

IT IS THEREFORE ORDERED that Plaintiff's untitled MOTION (Doc. No. 25) is DENIED.

                                          /s/ James A. Parker
                                          SENIOR UNITED STATES DISTRICT JUDGE

---

[1] *See* Second Rule 59 Motion at 5 ("Further, as a nonresident in the STATE OF NEW MEXICO, only nonresident statutes are valid against plaintiff and F.R.C.P. at 59(e) comes into play . . .").